UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN P. BASPED,<br><br>    Petitioner,<br><br>  v.<br><br>DEBBIE ASUNCION,<br><br>    Respondent. | No. 2:20-cv-2513 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

  Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed in forma pauperis.

I. <u>Application to Proceed In Forma Pauperis</u>

  Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. ECF Nos. 9, 10. Accordingly, the application to proceed in forma pauperis will be granted. <u>See</u> 28 U.S.C. § 1915(a).

II. <u>Background</u>

  In August 2012, petitioner pled no contest to a charge of second-degree robbery with a gun enhancement, and received a fifteen-year sentence. ECF No. 1 at 2. Petitioner challenges his conviction on the ground that he is eligible to have his gun enhancement struck under Senate Bill (SB) 620 and Assembly Bill (AB) 1618. <u>Id.</u> at 10.

////

III.   Discussion

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) requires the court to summarily dismiss a habeas petition, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." As set forth below, the petition appears to be unexhausted and fails to state a cognizable claim for relief.

As an initial matter, because petitioner represents that he has not presented his claim to the California Supreme Court, ECF No. 1 at 5, the petition is unexhausted on its face and should be dismissed. See 28 U.S.C. § 2254(b)(1) (a petition for writ of habeas corpus "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process" or circumstances render the process ineffective); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985) (the exhaustion requirement is met by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court). However, even if the petition were exhausted, dismissal would be necessary because it fails to state a cognizable claim for relief.

A petitioner may seek federal habeas relief from a state-court conviction or sentence "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Matters relating solely to the interpretation or application of state law are not cognizable on federal habeas review. Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law." (citations omitted)).

Petitioner's claim that he is eligible to have his firearm enhancement struck under SB 620 and AB 1618, and should therefore receive that benefit, is not cognizable in this court because it presents a purely state law issue. Any question as to the applicability of either SB 620 or AB 1618 does not state a claim for federal habeas relief, because challenges to a state court's interpretation or application of state sentencing laws do not give rise to a federal question cognizable in federal habeas. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." (citation omitted)); Middleton, 768 F.2d at 1085 (habeas relief "is unavailable for

alleged error in the interpretation or application of state law" (citation omitted)); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (declining to address "[w]hether assault with a deadly weapon qualifies as a 'serious felony' under California's sentence enhancement provisions [because it] is a question of state sentencing law" (citation omitted)).  The exception is if "the state court's finding was so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation." Lewis, 497 U.S. at 780 (citation omitted).  However, petitioner makes no showing that the state court acted in an arbitrary or capricious manner.

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's application to proceed in forma pauperis, ECF No. 9, is granted.

2.  The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  See 28 U.S.C. § 2253(c)(2).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 18, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE